IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:09CV149 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| MARK R. SCANLAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion for Summary Judgment. (Filing No. 30.) As set forth below, the Motion is granted.

## I.   BACKGROUND

Plaintiff Andrew A. Herzog ("Herzog") filed his Complaint in this matter on April 28, 2009. (Filing No. 1.) On June 9, 2009, the court conducted an initial review of the Complaint and dismissed Herzog's claim for a tax exemption, his request to initiate criminal charges against Defendant, and his request to revoke Defendant's medical license. (Filing No. 10.) However, the court allowed Herzog's Fourteenth Amendment claim against Defendant to proceed. (*Id*.) In doing so, the court assumed, out of an abundance of caution, that Defendant was employed by, or acting pursuant to the direction of, the State of Nebraska when he engaged in the alleged wrongful conduct.[1] (*Id*. at CM/ECF p. 6.) The court specifically stated that if Defendant was not employed by, or acting pursuant to the directions of, the State of Nebraska, he would be entitled to dismissal. (*Id*.)

---

[1] In his Complaint, Herzog alleged that Defendant was "acting in conjunction" with the State of Nebraska. (Filing No. 1 at CM/ECF p. 3.)


On September 8, 2009, Herzog filed a Motion for Summary Judgment (filing no. 19) along with a Brief in Support (filing no. 20).[2] Shortly thereafter, Herzog also filed a Motion for Property (filing no. 21) along with a Brief and Affidavit in Support (filing nos. 22 and 23). Defendant responded with a Brief and an Index in Opposition to Herzog's Motion for Summary Judgment. (Filing Nos. 25 and 26.)

On October 30, 2009, Herzog filed a Motion to Issue Warrants (filing no. 27), and an Affidavit in Support of his Motion to Issue Warrants (filing no. 28). On November 24, 2009, Defendant filed Responses to Herzog's Motion for Property and Motion to Issue Warrants (filing nos. 33 and 34) along with a Motion to Strike Herzog's Affidavit in Support of his Motion to Issue Warrants (filing no. 35). He also filed a Motion for Summary Judgment of his own (filing no. 24) along with Brief in Support (filing no. 31) and an Index of Evidence (filing no. 32). In his Brief, Defendant argues that he is entitled to summary judgment because he is not a State actor and was not acting under color of state law. (Filing No. 31.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. *Id.* "Properly referenced material

---

[2] In his Brief, Herzog argues that he cannot cite to appropriate authority in this matter because he does not have access to a law library at the Norfolk Regional Center. (Filing No. 20 at CM/ECF pp. 1-2.) Although this argument may raise an access to courts claim against officials at the Norfolk Regional Center, it does not address the issue of whether Defendant was acting under color of state law when he treated Herzog.

2

facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

Defendant submitted a statement of material facts in accordance with the court's Local Rules. However, Herzog has not submitted any "concise response" to those facts. Further, Defendant submitted evidence which was properly authenticated by affidavit. Herzog did not. This matter is deemed fully submitted and the material facts set forth by Defendant in his brief are "deemed admitted" and are adopted below.

## II. RELEVANT UNDISPUTED FACTS

1. Dr. Mark R. Scanlan is a psychiatrist licensed to practice by the State of Nebraska.

2. From August 1, 1996, through August 31, 2008, Dr. Scanlan was employed as a physician by Panhandle Health Services in the Partners in Behavioral Health Clinic. From September 1, 2008, through the present, Dr. Scanlan has been employed by Regional West Physicians Clinic-RWPC-Psychiatry and Behavioral Health ("RWPC") as a physician.

3. Panhandle Health Services is a private non-profit corporation that at all times relevant hereto, operated the Partners in Behavioral Health Clinic.

4. Dr. Scanlan's current employer, RWPC, is a private non-profit corporation.

5.      Dr. Scanlan has never been employed by the Nebraska Department of Health and Human Services ("Nebraska DHHS") or the State of Nebraska. He has never received a paycheck from Nebraska DHHS or the State of Nebraska.

6.      Herzog was a patient at Regional West Medical Center ("RWMC") on two separate occasions: July 26, 2000, to April 2, 2001, and August 6, 2007, to August 7, 2007. Dr. Scanlan was Herzog's attending physician on both occasions.

7.      The care and psychiatric and medical treatment provided to Herzog at RWMC was never directed or controlled by the State of Nebraska, the Nebraska DHHS, or any other government agency or entity. All medical decisions were based on clinical judgment and not on any outside influence.

8.      Based upon Dr. Scanlan's knowledge of Herzog, it is his opinion, to a reasonable degree of medical certainty, that the medical care, treatment and prescriptions provided to the Herzog during his inpatient stays at RWMC between July 26, 2000, and April 2, 2001, and between August 6, 2007, and August 7, 2007, were within the accepted professional judgment, practice and standards of professionals within his field.

(Filing No. 32.)

### III.    ANALYSIS

**A.    Standard of Review**

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444,

4

1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B. Defendant's Motion

Defendant argues that he is entitled to summary judgment because he is not a State actor and did not act under color of state law. (Filing No. 31 at CM/ECF pp. 4-7.) The court agrees and finds that summary judgment in favor of Defendant is warranted.

In his Complaint, Herzog alleges that he brings his claims for violations of his "federal constitutional rights by a person employed by the state . . . . [o]r acting in conjunction" with the state. (Filing No. 1 at CM/ECF pp. 2-3.) Liberally construed, Herzog brings his Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983. To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42,

48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

"It is well settled that a private party may be held liable on a § 1983 claim if he is a willful participant in joint action with the State or its agents." *Mershon v. Beasley*, 994 F.2d 449, 451-52 (8th Cir. 1993), *cert. denied*, 510 U.S. 1111 (1994) (quotation and citation omitted). However, the Eighth Circuit has held that a plaintiff seeking to hold a private party liable under section "1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Id.* Accord *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997). Further, "[i]n order to survive a motion for summary judgment . . . evidence must be produced from which reasonable jurors could conclude that such an agreement was come to." *Id*.

Here, Herzog alleges that Defendant works "in conjunction with government officials" as a psychiatrist at the RWMC in Scottsbluff, Nebraska. (Filing No. 1 at CM/ECF p. 3.) However, Herzog does not provide evidence to establish that Defendant is a state actor or that his conduct was fairly attributable to the state.

6

In contrast, Defendant has submitted sworn affidavit testimony which establishes that the RWPC is not a state entity, but rather a private nonprofit corporation. (Filing No. 32.) This testimony also establishes that Defendant is not a state actor and Defendant's treatment of Herzog was not fairly attributable to the State of Nebraska. *See, e.g., Scout v. City of Gordon*, 849 F.Supp. 687, 690 (D. Neb. 1994) (concluding that an alcohol rehabilitation center and its individual employees could not be liable for alleged violations of patient's civil rights concerning treatment provided to patient, absent any evidence that center or employees acted under color of state law, and where no evidence indicated that the state controlled how and under what circumstances the center administered treatment). Indeed, the State of Nebraska has never employed Defendant nor has the State directed or controlled the care Defendant provides. (Filing No. 32.) In short, the evidence before the court shows that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law. Herzog's federal claims against Defendant are therefore dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion for Summary Judgment (filing no. 30) is granted.

2. Herzog's Motion for Summary Judgment (filing no. 19) is denied.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

4. All other pending motions are denied as moot.

January 14, 2010.  BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.